UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                        )
LEONARD C. JEFFERSON,                   )
                                        )
          Plaintiff                     )
     v.                                 )   C.A. No. 16-016 WES
                                        )
CORRECTIONAL OFFICER                    )
PEPIN, et al.,                          )
                                        )
          Defendants.                   )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R&R") on January 26, 2017 (ECF No. 36), recommending that the Court deny Plaintiff Leonard C. Jefferson's Motion to Amend his Complaint (ECF No. 27). Plaintiff filed his Objection to the R&R (ECF No. 45), and Defendants Pepin, et al. filed their Response in Opposition to Plaintiff's Objection (ECF No. 46).

Plaintiff's thirty-page objection to the R&R largely restates the allegations of his Proposed Amended Complaint, with the exception of one pertinent legal argument. Plaintiff takes issue with the R&R's conclusion that his proposed Eighth Amendment claim is futile. (Pl.'s Obj. to R&R 10-12, ECF No. 45.) Relying on Farmer v. Brennan, 511 U.S. 825, 842 (1994), Plaintiff contends that Defendants' knowledge of his cell condition sufficiently

alleges their deliberate indifference to Plaintiff's suffering, which is enough to make out a claim for an Eighth Amendment violation. (Pl.'s Obj. to R&R 10-12.) However, Plaintiff misreads the Farmer test. Under Farmer, a prisoner must allege that a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm," to establish deliberate indifference, a violation of the Eighth Amendment. 511 U.S. at 842. As Plaintiff details in his Proposed Amended Complaint, he filed a two grievances with prison officials about his cell conditions, and officials investigated the matter on both occasions. (Pl.'s Proposed Am. Compl. 15–16, ECF No. 27-1.) Plaintiff received responses to both grievances, explaining that officials checked his cell conditions and found no temperature difference from adjacent cells. (Level One Grievance, ECF No. 27-2, 5; Level Two Grievance, ECF No. 27-2, 6.) Both responses explained that Plaintiff must address medical problems through proper procedures, not the grievance system. Thus, Defendants did not "fail to act despite [their] knowledge" of Plaintiff's condition; Defendants investigated Plaintiff's cell conditions and determined the allegation unfounded. Therefore, Plaintiff's Proposed Amended Complaint fails to allege Defendants' deliberate indifference, and this Court agrees with the R&R's conclusion that Plaintiff's Eighth Amendment Claim is futile.

After careful consideration, the Court ACCEPTS the R&R (ECF No. 36) and ADOPTS the recommendations therein, and DENIES Plaintiff's Motion To Amend (ECF No. 27). The Court ORDERS Plaintiff to file any opposition to Defendants' pending Motions to Dismiss his First Amended Complaint (ECF Nos. 22 and 35), if he has not already, within fourteen days of this order.

IT IS SO ORDERED.

William E. Smith
Chief Judge
Date:  November 9, 2017